**STATE OF WEST VIRGINIA**

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PHILIP J. CONLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0896** (BOR Appeal No. 2051113)
                     (Claim No. 2015006212)

**PARKWAYS ECONOMIC DEVELOPMENT & TOURISM AUTHORITY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Philip J. Conley, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Parkways Economic Development & Tourism Authority, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether cervical radiculopathy should be added as a compensable component of the claim. The claims administrator denied the request to add cervical radiculopathy as a compensable condition of the claim on September 21, 2015. The Office of Judges affirmed the claims administrator's decision on February 19, 2016. The Board of Review affirmed the Order of the Office of Judges on August 26, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Conley, a foreman for the Parkways Economic Development & Tourism Authority, injured his shoulder and knee in the course of his employment on August 21, 2014, when he fell down an embankment. The claim was held compensable for a left shoulder strain and knee sprain on September 2, 2014. Mr. Conley has an extensive history of pre-existing shoulder and back issues. A March 17, 2006, progress note from Lora Keaveny, D.O., stated that Mr. Conley was

seen with a chief complaint of left shoulder pain. Physical examination revealed head and neck swelling. There was tenderness in the left scapula and trapezius muscles and swelling in the thoracic spine from T7 through T11. Dr. Keaveny's assessment was thoracic sprain and left shoulder pain.

In October of 2013, Mr. Conley was treated by Brian Yee, D.O., with complaints of constant neck pain. Mr. Conley was given trigger point injections in the cervical, thoracic, interscapular, and subscapular regions. Mr. Conley returned again in October, November, and December of 2013, with similar complaints. A December 31, 2013, MRI of Mr. Conley's left shoulder revealed a partial substance tear of the supraspinatus tendon, a tear of the superior glenoid labrum at the bicipital tendon anchor, and mild AC joint arthropathy.

Dr. Keaveny saw Mr. Conley for severe left shoulder pain in January of 2014. Mr. Conley was diagnosed with a left shoulder sprain and degenerative joint disease of the left shoulder. Dr. Yee saw Mr. Conley in March, April, June, and July of 2014 with continued left shoulder pain. Dr. Yee noted that a recent MRI revealed a tear of the left superior glenoid labrum at the bicipital tendon anchor. The assessment was lumbar radiculopathy and injury of left rotator cuff muscles and tendons. Mr. Conley was prescribed Lortab and referred to an orthopedic surgeon for evaluation of his labrum/biceps tear. Mr. Conley was also given trigger point injections in the left thoracic paraspinal muscles, left rhomboid, and trapezius muscles. On August 18, 2014, only three days prior to the compensable injury, Mr. Conley was seen with complaints of upper back and left shoulder pain.

After the compensable injury on August 26, 2014, Mr. Conley attended a follow-up with Dr. Keaveny. No mention was made of any neck issues. Physical examination revealed limited range of motion and tenderness in the left shoulder. There was also some tenderness in the thoracolumbar spine with swelling from T2 through T4. Dr. Keaveny's assessment was left rotator cuff sprain, lumbar radiculopathy, and left knee sprain. An MRI of Mr. Conley's left shoulder and lumbar spine was performed on September 6, 2014, which revealed supraspinatus and infraspinatus tendinitis with impingement. There was no evidence of a rotator cuff or labral tear.

On September 9, 2014, Dr. Keaveny saw Mr. Conley for another follow-up wherein Mr. Conley complained of pain in his lumbar spine and left and right shoulder. He did not report any complaints about his neck. Physical examination revealed limited range of motion and swelling in the left shoulder. There was swelling in the thoracic spine with muscle spasms from T1 through T3. Physical examination of the neck revealed no abnormal findings. The assessment was pain in the left shoulder joint and lumbar radiculopathy. Mr. Conley reported back on September 23, 2014, with left shoulder pain and stiffness in his back. At this time, Mr. Conley reported he had started having some pain in his neck. Physical examination of the neck revealed no abnormal findings. Examination of the left shoulder revealed limited range of motion, muscle spasms and tenderness. The assessment was left rotator cuff sprain, lumbar radiculopathy, and left shoulder joint pain. Physical therapy was recommended for the left shoulder. Physical therapy records from October 29, 2014, indicated Mr. Conley was receiving treatment for his left shoulder and indicated that he believed he overdid it pulling his bow the day prior.

2

Joseph Grady, M.D., completed an independent medical evaluation of Mr. Conley on February 11, 2015. Dr. Grady noted that Mr. Conley had injured his left shoulder, left knee and left leg after sustaining a work-related fall. At the time of the evaluation, Mr. Conley complained of left shoulder and low back pain. Mr. Conley attributed his low back symptoms to a prior low back injury and noted that the low back was not part of his workers' compensation claim. Mr. Conley also reported some numbness and tingling in his left hand. Mr. Conley indicated that his left knee injury had resolved without any residual problems. Physical examination revealed decreased range of motion in both shoulders, which Mr. Conley attributed to discomfort in his mid-back. Dr. Grady concluded that Mr. Conley's compensable work injury resulted in a resolved left knee sprain and left shoulder tendinitis with some residual thoracic myofascial pain. He found that Mr. Conley reached his maximum medical improvement and suffered no ratable impairment.

A nerve conduction study report completed on February 12, 2015, indicated that the study was abnormal. However, there was electrophysiologic evidence for an active S1 radiculopathy on the left. The record did not contain an interpretation of an upper extremity nerve conduction study. A March 10, 2014, MRI of Mr. Conley's cervical spine revealed multi-level mild degenerative disc bulges. There was no evidence of a herniated disc or high-grade stenosis. An April 21, 2015, nerve conduction study of the Mr. Conley's lower extremities revealed an active S1 radiculopathy on the left.

On May 13, 2015, a progress note from Rajesh Patel, M.D., indicated that Mr. Conley was seen for a follow-up for his lower back, neck, and arm. Using a pain scale of one to ten, Mr. Conley reported a five for his neck and an eight for his lower back. Sensation in the upper extremities was intact to light touch. Dr. Patel noted that a recent nerve conduction study showed an active left C5-6 radiculopathy. He further noted that a recent cervical MRI revealed bulging at C5-6 with neural foraminal narrowing on the left. Dr. Patel's assessment was cervical disc bulging, cervical neural foraminal stenosis at C5-6, cervical radiculitis, lumbar radiculitis, lumbar degenerative disc disease, and left S1 radiculopathy. Dr. Patel recommended that all conservative treatment options be exhausted before considering surgery.

Dr. Keaveny examined Mr. Conley on June 5, 2015, after Mr. Conley reported worsening symptoms over the last one and a half weeks. Physical examination revealed C5-T2 edema and tenderness. The assessment was left rotator cuff sprain. Mr. Conley was given an injection in the left deltoid muscle. On July 26, 2015, Dr. Keaveny completed a diagnosis update. Dr. Keaveny requested that cervical radiculopathy be added as a compensable diagnosis in the claim. The request was based upon Mr. Conley's complaints of neck pain and left arm pain and numbness. In support of her request, Dr. Keaveny stated that because of the nature of his injury, it is very possible that the cervical radiculopathy was a direct result of the fall and impact.

The claims administrator denied the request to add cervical radiculopathy as a compensable diagnosis in the claim on September 21, 2015. On December 3, 2015, Dr. Keaveny authored a letter stating that it was her opinion that the cervical radiculopathy was related to the

compensable injury. She asserted that the nerve conduction study showing C5-6 radiculopathy was consistent with her diagnosis.

The Office of Judges determined that Mr. Conley failed to show that the diagnosis of cervical radiculopathy is causally related to the compensable injury. The Office of Judges found that the only cervical MRI of record was interpreted as showing multi-level degenerative disc bulges. Therefore, the Office of Judges concluded the bulging discs in Mr. Conley's cervical spine are due to degenerative disease rather than a traumatic injury. Furthermore, the Office of Judges found that the employer submitted medical evidence showing that Mr. Conley had neck pain and cervical radicular symptoms prior to the compensable injury in this matter. Specifically, the record shows that Mr. Conley was treated for complaints of constant neck pain in October, November, and December of 2013. Additionally, medical records from Dr. Yee show that Mr. Conley was reporting neck pain in the weeks and days leading up to the compensable injury. Moreover, Dr. Yee's medical records of July of 2014, and August of 2014, document reduced motor strength in both of Mr. Conley's upper extremities. The Office of Judges ultimately concluded that the weight of the evidence of record supports a finding that Mr. Conley's cervical radiculopathy predated the compensable injury in this claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on August 26, 2016.

After review, we agree with the findings of the Office of Judges as affirmed by the Board of Review. The MRI has been interpreted to show that the cervical issues were degenerative in nature as opposed to being caused by an acute injury. Further, Mr. Conley had extensive treatment related to his cervical spine prior to the compensable injury. Because the evidence of record supported the finding that the cervical radiculopathy pre-existed the compensable injury, the Office of Judges and Board of Review did not err in denying the condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker